# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK BRUNING, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-15-0003-HE |
| ) | |
| CITY OF GUTHRIE, OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Mark Bruning filed this action in state court against the City of Guthrie ("City"), Sereniah Breland, the City Manager, Jim Ahlgren, the City Human Resources Director, Damon Devereaux, the former City Police Chief, Gary Haddock a City police officer, Jonathan Williams, a City police officer, Kyle White ("White"), Jill Ochs Tontz ("Tontz"), an assistant district attorney, and Ann Griffin ("Griffin"), a state senator for Logan County. He asserted claims under both federal and state law and also sought to enforce an arbitration decision. The action was removed and all defendants filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The court granted the motion in substantial part, but gave plaintiff leave to amend. He has filed an amended complaint and all defendants have again filed motions to dismiss under Rule 12(b)(6).[1]

When considering whether a plaintiff's claims should be dismissed pursuant to Rule

---

[1] *Defendants Griffin, Tontz and White also seek dismissal pursuant to Rule 12(b)(1), claiming the court lacks subject matter jurisdiction. Regardless of whether plaintiff has stated a federal claim against these parties, the court can exercise supplemental jurisdiction over them with respect to plaintiff's state law intentional interference with employment or business relationship claim. See 28 U.S.C. § 1367(a); 13D Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3567.1 (3d ed.2008).*

12(b)(6) for failure to state a claim, the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014); Smith v. United States, 561 F.3d 1090, 1097 (10th Cir. 2009). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Considering plaintiff's claims under this standard, the court concludes the partial motion to dismiss filed by the City of Guthrie and defendants Breland, Ahlgren and Devereaux should be granted and the motions to dismiss filed by the remaining defendants should be granted in part and denied in part.

The court detailed plaintiff's factual allegations in its prior order, Doc. #58, and will not repeat them here, except when necessary to explain its decision. The crux of plaintiff's complaint is that he was wrongfully terminated by the City of Guthrie and the City has refused to reinstate him despite an arbitration award mandating his reinstatement to his former position.

Plaintiff asserts seven causes of action in his first amended complaint. In his first cause of action, he seeks to enforce the arbitration award against the City of Guthrie.

Plaintiff's second cause of action, asserted under 42 U.S.C. § 1983, is a new claim. In it plaintiff alleges that the City and defendants Griffin, Breland, Devereaux and Ahlgren, in their individual capacities, deprived him of his right of freedom of association in violation of the First, Fifth and Fourteenth Amendments. In his third cause of action, asserted under § 1983, plaintiff alleges that all defendants conspired to intentionally interfere with his right of association in violation of the First, Fifth and Fourteenth Amendments. In his fifth cause of action,[2] plaintiff asserts a deprivation of liberty claim under § 1983 against Breland, Devereaux, Ahlgren and the City, based on his being barred by Devereaux, since September 12, 2013, from entering City-owned properties without authorization from the city manager. In his sixth cause of action, plaintiff asserts a deprivation of substantive due process claim under §1983 against the City for failing to reinstate him. In his seventh cause of action, plaintiff asserts a deprivation of procedural due process claim under § 1983 against Breland, Devereaux, Ahlgren, Haddock, Williams and the City of Guthrie based on his pretermination proceedings, including the hearing conducted by the Disciplinary Review Board. In his eighth cause of action, plaintiff asserts a claim under state law against White, Tontz, Griffin, Haddock and Williams for intentional interference with his employment or business relationship with the City of Guthrie.

## Analysis

---

[2]*The court dismissed plaintiff's fourth cause of action in its August 18, 2015, order, and plaintiff did not renumber his claims in his first amended complaint.*

City and Defendants Breland, Ahlgren and Devereaux's Partial Motion to Dismiss

The City of Guthrie and individual defendants Breland, Ahlgren and Devereaux have filed a partial motion to dismiss, seeking the dismissal of plaintiff's second and third causes of action. The defendants argue that plaintiff's claims that they interfered with his rights to familial association and conspired to interfere with those rights again fail because he has not alleged facts demonstrating that they acted with the specific intent of harming his relationship with Heather White. They also contend that plaintiff's relationship with Heather White was not entitled to constitutional protection, but that any freedom of association claim he could pursue based on his intimate relationship with Ms. White is protected by the Fifth and Fourteenth Amendments, not the First. If the court should find that plaintiff has sufficiently pled that his relationship with Heather White was constitutionally protected, then the individual defendants make the alternative argument that they are entitled to qualified immunity with respect to plaintiff's interference claim asserted in his second cause of action.

Plaintiff responds that he has sufficiently alleged that defendants acted with the required intent. He analyzes his allegations using the burden-shifting framework of McDonnell Douglas,[3] although this is not an employment discrimination case. Regardless, plaintiff's assertions of temporal proximity, disparate treatment, and pretext fail to cure the deficiency the court pointed out in its earlier order. In discussing plaintiff's conspiracy claim the court noted that, to plead a § 1983 conspiracy, a plaintiff had to allege not only specific

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4

facts showing an agreement and concerted action among the defendants, Brooks v. Gaenzle, 614 F.3d 1213, 1228 (10th Cir. 2010), but also facts showing a constitutional violation. Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir.1990) (To recover on a conspiracy claim under § 1983, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient."). Because plaintiff claimed defendants engaged in a conspiracy to interfere with his right of intimate association, he had to plead a violation of that constitutional right, including the required specific intent to interfere with his relationship with Heather White. The court concluded plaintiff had not stated facts demonstrating that each defendant acted with the necessary intent.[4]

Plaintiff again has failed to allege facts that plausibly show that defendants Devereaux, Breland and Ahlgren, during the proceedings that eventually resulted in plaintiff's termination, acted with the specific intent of depriving plaintiff of his intimate relationship with Heather White. *See* Trujillo v. Bd. of Cnty. Comm'rs of Santa Fe Cnty., 768 F.2d 1186, 1190 (10th Cir. 1985) ("[A]n allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983."). Plaintiff has alleged that defendants disciplined him because he arrested someone – Kevin White – with whom he had personal issues or problems. And he

---

[4]*The court assumed for purposes of the motion that plaintiff's relationship with Heather White was entitled to constitutional protection and does so again.*

has alleged facts demonstrating that his relationship with White's ex-wife, Heather, was the reason for his problems with White. What he has again failed to do in his amended complaint is support his assertion that defendants "were acting with the specific intent to take adverse action against Plaintiff because of his association with Heather White." Doc. #64, p. 15, ¶36 (p). The fact that his relationship with Heather White was the reason for his problems with Kyle White does not mean that the relationship also was the motivation for the defendants' conduct. As the court previously explained, it is not enough that Devereaux, Breland and Ahlgren may have agreed to make certain employment decisions concerning plaintiff that would have the effect of interfering with his intimate relationship with Heather White. Doc. #58, p. 14. "In order to show deprivation of the right to familial association, a plaintiff must show that the state actor intended to deprive him or her of a specially protected familial relationship." Estate of B.I.C. v. Gillen, 710 F.3d 1168, 1175 (10th Cir. 2013). "[N]ot every statement or act that results in an interference with the rights of familial association is actionable."[5] Lowery v. Cnty. of Riley, 522 F.3d 1086, 1092 (10th Cir. 2008) (internal quotation marks omitted). "The conduct or statement must be directed at the familial relationship with knowledge that the statements or conduct will adversely affect that relationship." *Id.* (internal quotation marks omitted). All of the alleged <u>facts</u> as to what these defendants actually did are wholly consistent with actions that would normally be taken to

---

[5]*Courts interchange the terms familial and intimate when referring to this constitutional right. As explained by the Tenth Circuit, "[t]he freedom of intimate association is a substantive due process right, as is its subset, the familial right of association." Griffin v. Strong, 983 F.2d 1544, 1547 (10th Cir. 1993).*

address substantial citizen complaints and other circumstances such as are alleged here. Without more, such unremarkable actions cannot be turned into a conspiracy merely by describing them as such.

The absence of sufficient allegations of fact supporting an inference of the necessary intent prevents plaintiff from stating either a claim of interfering with, or conspiring to interfere with, plaintiff's freedom of intimate association. Defendants' partial motion to dismiss will be granted and plaintiff's second and third causes of actions will be dismissed.[6]

Gary Haddock and Jonathan Williams' Motion to Dismiss

Defendants Haddock and Williams seek dismissal of the three claims plaintiff has asserted against them in his third, seventh and eighth causes of action. However, plaintiff states in his response brief that he intended to drop both his conspiracy and his intentional interference with employment claims against Haddock and Williams and agrees to their dismissal "in accordance with this Court's prior order." Doc. #78, p. 2 n.1; p. 3 n.2. The only claim remaining against these two defendants is plaintiff's procedural due process claim asserted in his seventh cause of action. In it plaintiff alleges that defendants Haddock and Williams deprived him of property without due process when they, as members of the Disciplinary Review Board during the pretermination proceedings, decided to terminate him

---

[6]*Because of this conclusion it is unnecessary to determine whether plaintiff's relationship with Heather White prior to their marriage was entitled to constitutional protection and whether the individual defendants are entitled to qualified immunity. Although it also is unnecessary to determine the constitutional basis for the right of intimate association, the court notes that the Tenth Circuit has repeatedly recognized it as a liberty interest "grounded in the Fourteenth Amendment's Due Process Clause," not the First Amendment or the Fifth Amendment. Lowery, 522 F.3d at 1092; Griffin, 983 F.2d at 1547 (10th Cir.1993).*

on the basis of unsupported charges that his "personality created a danger of work place violence and/or retribution" without giving him prior notice of those "secret allegations." Doc. #64, p. 35, ¶¶102, 103.

Defendants had previously challenged the claim on the basis that plaintiff had failed to allege that they had personally acted with the intent to deprive him of his constitutional rights and that his attempt to hold them liable under a cat's paw or rubber stamping theory failed. The court agreed that the cat's paw theory was not applicable under the facts alleged and dismissed the claim. Plaintiff contends in his response brief that he seeks to hold defendants Haddock and Williams liable "based upon their positions on the Disciplinary Review Board and their individual failure to advise Plaintiff of additional charges against him." Doc. #78, pp. 3-4.

To prevail on a procedural due process claim, an individual must prove he (1) "possess[ed] a protected interest to which due process protection was applicable" and (2) was not "afforded an appropriate level of process." Copelin–Brown v. N.M. State Pers. Office, 399 F.3d 1248, 1254 (10th Cir.2005) (internal quotation marks omitted). The court concludes plaintiff has alleged facts sufficient to state a claim that defendants Haddock and Williams, by their involvement as members of the Review Board, violated his procedural due process rights. *See generally* Dodds v. Richardson, 614 F.3d 1185, 1210-11 (10th Cir. 2010) ("But Iqbal does not address constitutional violations that are based on a state of mind other than specific intent – for instance, a procedural due process violation, or an Eighth Amendment violation based on an official's deliberate indifference."). Their motion to

dismiss will be granted as to plaintiff's third and eighth causes of action, but denied as to his seventh cause of action.

Ann Griffin's Motion to Dismiss

Defendant Griffin seeks the dismissal of the two claims plaintiff has asserted against her in his third and eighth causes of action. She initially argues, as she did previously, that the § 1983 conspiracy claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction because plaintiff has not alleged she was acting under color of law. *See* West v. Atkins, 487 U.S. 42, 46 (1988) (acting under color of law is "a jurisdictional requisite for a § 1983 action"). Although plaintiff refers to her as a state senator in the complaint, defendant Griffin asserts that he sued her in her individual capacity and all of the allegations that pertain to her relate to actions she took as a private citizen. Defendant Griffin then contends that, to the extent plaintiff attempts to subject her to liability under §1983 on the ground that she, along with defendants White and Tontz, conspired with City officials, the allegations are too conclusory to state a claim.

The court agrees that plaintiff's allegations of conspiracy are deficient. Initially, the court concludes plaintiff has not pleaded a plausible claim that defendant Griffin conspired with Kyle White and Tontz to deprive him of his constitutional right of intimate association with Heather White.[7] The facts alleged fail to suggest that Griffin entered into an agreement

---

[7]*Contrary to plaintiff's assertion, the court did not conclude in its prior order that plaintiff had successfully pled a § 1983 conspiracy to interfere with association claim against defendant Griffin. What it stated was that he had "pleaded facts from which it might reasonably be inferred that defendants Kyle White, Jill Ochs and, possibly, Ann Griffin intended to interfere with his relationship with Ms. White." Doc. #58, p. 14. More than that is required to plead both a*

9

with Kyle White and Tontz to take steps with the intent to interfere with plaintiff's relationship with Ms. White. Plaintiff alleges that Griffin's friends, White and Tontz, convinced her that plaintiff was harassing White because he had previously been married to Heather White and that, because of her close friendship with White and Tontz, Griffin "was aware and supported Kyle White and Jill Ochs Tontz in their animosity toward the personal quasi-marital relationship between Plaintiff Mark Bruning and Heather White." Doc. #64, p. 10, ¶30. He also alleges that Griffin became angry when plaintiff arrested Kyle White, threatened to use her position as a state senator to get plaintiff fired and then repeatedly contacted both the chief of police and the city manager about the arrest. At most, plaintiff has presented facts tending to show Griffin conspired with White and Tontz to get plaintiff fired.[8]

Even assuming plaintiff has pleaded facts from which it might reasonably be inferred that defendant Griffin conspired with White and Tontz to interfere with plaintiff's intimate associational rights with Heather White, he has not pleaded such facts with respect to the municipal defendants. *See supra* pp. 4-7. And it is that failure which precludes plaintiff from successfully stating a § 1983 conspiracy to interfere claim against defendant Griffin,

---

*conspiracy and a conspiracy to interfere with association claim.*

[8]*In his first amended complaint plaintiff also includes the allegation that defendant Griffin "had an animosity toward the relationship between Mark Bruning and Heather White because she had been intimately involved with Plaintiff in the past." Doc. #64, p. 12, ¶36(b). Without any details regarding the relationship, including when it occurred, the allegation falls short of what is needed to demonstrate the intent required to support a § 1983 conspiracy to interfere with intimate association claim.*

because the municipal defendants took the challenged actions which allegedly interfered with plaintiff's relationship with Heather White. As the court previously explained, "[t]he essence of a § 1983 claim is the deprivation of the right rather than the conspiracy." Dixon, 898 F.2d at 1449. Plaintiff must successfully allege both the conspiracy to interfere and the interference. As the court has rejected plaintiff's interference with intimate association claims ( along with his conspiracy to interfere claim) against defendants Breland, Devereaux and Ahlgren, his conspiracy claim against Griffin also fails.[9] Plaintiff's § 1983 conspiracy claim against defendant Griffin will be dismissed.[10]

That leaves plaintiff's claim against defendant Griffin for intentional interference with employment. Defendant Griffin attacks the claim on the ground plaintiff has failed to allege facts demonstrating that she used improper, unfair or unlawful means to interfere with plaintiff's business relationship with the City of Guthrie. In her reply brief she states: "Further, even assuming, *arguendo*, that Griffin, Tontz, or Kyle White actually intended to wrongfully interfere with Plaintiff's employment or business, (which Griffin denies), given

---

[9]*In his response brief plaintiff appears to be arguing that he has alleged two conspiracies – a small conspiracy involving Kyle White, Tontz and Griffin, which is included within a larger conspiracy that includes the municipal defendants. First, plaintiff only alleged a single conspiracy in his first amended complaint. Second, plaintiff cannot successfully allege a conspiracy to interfere claim that does not involve the municipal defendants since it was their conduct that allegedly interfered with plaintiff's relationship with Heather White.*

[10]*Having concluded that plaintiff has not stated a conspiracy claim against defendant Griffin, the court finds it is unnecessary to address the state action and qualified immunity issues she raises and the question of whether plaintiff's relationship with Heather White was constitutionally protected.*

11

the Lawsuit's allegations, the City's independent "Internal Investigation," the City's Disciplinary Hearing Panel, and the subsequent arbitration proceeding would each and all stand as intervening elements, breaking any causal chain of liability from Griffin's actions to Plaintiff's termination." Doc. #83, p. 9. Those, however, are defenses, which the court may not consider when determining whether plaintiff has stated a claim.

To prevail under Oklahoma law on a claim for tortious interference with a contractual or business relationship a plaintiff must prove: "(1) the interference was with an existing contractual or business right; (2) such interference was malicious and wrongful; (3) the interference was neither justified, privileged nor excusable; and (4) the interference proximately caused damage." Wilspec Technologies, Inc. v. DunAn Holding Grp., Co., Ltd., 204 P.3d 69, 74 (Okla. 2009). The court concludes plaintiff's allegations are sufficient to state a cause of action against defendant Griffin for intentional interference with plaintiff's "contract, employment and/or business relation with the City of Guthrie." Doc. #64, p. 36, ¶111. Defendant Griffin's motion will be granted as to plaintiff's conspiracy claim, but denied as to his intentional interference with employment claim.

Jill Ochs Tontz's and Kyle White's Motion to Dismiss

Defendants Tontz and White seek the dismissal of the two claims plaintiff has asserted against them in his third (conspiracy to interfere with intimate association) and eighth (intentional interference with employment) causes of action. They argue that plaintiff has failed to allege sufficient facts to support his claim that they acted in concert with the

municipal defendants[11] with the specific intent to violate plaintiff's right of freedom of intimate association. They then argue that the constitutional right plaintiff is relying on is not protected by the First Amendment, as he claims, and that his relationship with Heather White was not entitled to protection because they did not marry until September 28, 2013. As for his intentional interference with employment claim, the defendants argue that the claim fails because of asserted evidence which is not presented, but only mentioned, in defendants' brief, and which the court cannot consider on a motion to dismiss.

Plaintiff's conspiracy to interfere with intimate association claim against defendants Tontz and White fails for the same reason it fails against defendant Griffin – he has not stated viable conspiracy and interference claims against the municipal defendants.[12] However, he has sufficiently pleaded a cause of action against defendants Tontz and White for intentional interference with his employment or business relationship with the City of Guthrie. Defendants' motion will be granted as to plaintiff's conspiracy claim and denied as to his intentional interference with employment claim.

Conclusion

The partial motion to dismiss [Doc. #73] filed by the City of Guthrie and defendants Breland, Ahlgren and Devereaux is **GRANTED**. The motions to dismiss [Doc. Nos. 72, 75,

---

[11]*Plaintiff erroneously states in his response brief that "no one disputes" that he has adequately alleged concerted action between Griffin, Tontz, White and the municipal defendants Breland, Ahlgren and Devereaux. Doc. #82, p. 11. See Defendant Griffin's Reply. Doc. #83, p. 6.*

[12]*As the court has rejected plaintiff's conspiracy claim on this ground, it is unnecessary to address the other bases for dismissal urged by the defendants.*

13

76] filed by defendants Haddock and Williams, defendant Griffin, and defendants Tontz and White are **GRANTED in PART and DENIED in PART**.

Plaintiff's second and third causes of action are **DISMISSED** as to all defendants.[13] Plaintiff's intentional interference with employment or business relationship claim in his eighth cause of action is **DISMISSED** as to defendants Haddock and Williams.

The remaining claims are:

First cause of action against the City of Guthrie to enforce the arbitration award;

Fifth cause of action against the City of Guthrie, Breland, Ahlgren and Devereaux under § 1983 for deprivation of liberty (denying access to public property);

Sixth cause of action against the City of Guthrie under § 1983 for deprivation of substantive due process (failure to reinstate plaintiff);

Seventh Cause of action against the City of Guthrie, Breland, Ahlgren, Devereaux, Haddock and Williams under § 1983 for deprivation of procedural due process; and

Eighth Cause of action against White, Tontz and Griffin for intentional interference with employment or business relationship.

**IT IS SO ORDERED**.

Dated this 20th day of January, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[13] *Plaintiff stated in his response to defendant Griffin's motion to dismiss, that her inclusion in the second cause of action was a typographical error and that he did not object to the dismissal of that claim against her. See Doc. #81, p. 7 n.1.*